UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2431**

DENIS GEOVANNY VASQUEZ-DIAZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: September 29, 2020                    Decided: October 8, 2020

Before MOTZ and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Joseph A. O'Connell, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denis Geovanny Vasquez-Diaz, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture. We have thoroughly reviewed the record, including the transcript of Vasquez-Diaz's merits hearing and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the denial of relief in this case, *see INS v. Elias-Zacarias,* 502 U.S. 478, 481 (1992). Accordingly, we deny the petition for review for the reasons stated by the Board.[*] *In re Vasquez-Diaz* (B.I.A. Nov. 21, 2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] We do not consider the particular social group that Vasquez-Diaz advances for the first time before this court. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.").